JUDGE HERB ROSS (Recalled)

## UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA
605 West 4th Avenue, Room 138, Anchorage, AK 99501-2253 — (Website: www.akb.uscourts.gov)
Clerk's Office:  907-271-2655 (1-800-859-8059 In-State) — Judge's Fax:  907-271-2692

In re

GIOVANNA MONIQUE ROSSI,

           Debtor(s)

Case No. A15-00263-HAR
In Chapter 7

**ORDER DISAPPROVING REAFFIRMATION AGREEMENT [Santander Consumer USA, Inc.]**

A hearing for approval of a reaffirmation agreement with Santander Consumer USA, Inc.. (DN 12) was held on Monday, December 21, 2015.  For the reasons stated on the record, the reaffirmation creates an undue hardship and/or is not in debtor's best interest per 11 USC § 524 (c)(6).  Debtor is probably, however, protected by the doctrine of "backdoor ride-through."[1]  It would be prudent for the creditor to first seek court approval before attempting to enforce its collection rights if the debtor is current on his/her obligations to the creditor.  Therefore,

---

[1] The BAP held in In re Dumont, 383 BR 481 (9th Cir BAP 2008), *aff'd* 581 F3d 1104 (9th Cir 2009) that the ride-through doctrine with respect to personal property did not survive the enactment of BAPCPA in 2005, but in that case no reaffirmation agreement had been filed.  Dumont favorably cited In re Moustafi, 371 BR 434 (Bankr D AZ 2007) in which a reaffirmation agreement involving personal property had been filed, but the court disapproved it as not being in the debtor's interest.  In Moustafi, the court allowed "backdoor ride-through" per §524(m), though it did not cite that section specifically (i.e., the creditor could not declare a default post-discharge so long as the payments were current and debtor had sought reaffirmation, but the court denied approval).  The "backdoor ride-through" concept is explained in *Will the Ride-Through Ride Again*, 108 Columbia LR 882 (2008).  The secured creditor in this case would be wise to seek relief from stay or affirmative approval to repossess in order to avoid running afoul of the automatic stay under 11 USC § 362(a) or the discharge injunction under 11 USC § 524(a), should these statutes protect the debtor in a "backdoor ride-through" scenario.  Most courts that have discussed the issue have found "backdoor ride-through" is available.  Coastal Federal Credit Union v Hardiman, 398 BR 161. 181-88 (EDNC 2008); In  re Schmidt, 397 BR 481, 485-86 (Bankr D MD 2008) [dicta]; In re Chim, 381 BR 191, 198-99 (Bankr D MD 2008); In re Hudain, 364 BR 211, 218-19 (Bankr ED VA 2007); and, In re Blakeley, 363 BR 225, 231 (Bankr D VT 2007).

IT IS ORDERED that the court disapproves the reaffirmation agreement per 11 USC § 524(c)(6) as creating an undue hardship and/or not being in debtor's best interest.

DATED:   December 21, 2015.

                    /s/ Herb Ross
                    HERB ROSS
                    U.S. Bankruptcy Judge

Serve:
Giovanna Monique Ross, pro se debtor
Bradley J. Halberstadt, Esq., Stewart Zlimen & Jungers, Ltd.,
    2277 Highway 36 West, Suite 100, Roseville, Minnesota 55113
Nacole Jipping, Trustee
US Trustee
Case Manager