United States Bankruptcy Court
District of Alaska

In re:                                                                Case No. 15-00263-HAR
Giovanna Monique Rossi                                                Chapter 7
        Debtor

## CERTIFICATE OF NOTICE

District/off: 097--3          User: admin           Page 1 of 1           Date Rcvd: Dec 21, 2015
                              Form ID: pdfcrs       Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 23, 2015.
db              +Giovanna Monique Rossi,    3060 N Lazy Eight Ct Ste 2,    Wasilla, AK 99654-4331
                +Bradley J. Halberstadt, Esq.,    Stewart Zlimen & Jungers, Ltd.,
                  2277 Highway 36 West, Suite 100,    Roseville, MN 55113-3896

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                            TOTAL: 0

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                            TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 23, 2015                                         Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 21, 2015 at the address(es) listed below:
              Nacole M. Jipping(7)   JippingECF@gmail.com, AK03@ecfcbis.com
              U.S. Trustee's Office    USTPRegion18.ak.ecf@usdoj.gov
                                                                                                 TOTAL: 2

JUDGE HERB ROSS (Recalled)

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA
605 West 4th Avenue, Room 138, Anchorage, AK 99501-2253 — (Website: www.akb.uscourts.gov)
Clerk's Office:  907-271-2655 (1-800-859-8059 In-State) — Judge's Fax:  907-271-2692

In re

GIOVANNA MONIQUE ROSSI,

           Debtor(s)

Case No. A15-00263-HAR
In Chapter 7

ORDER DISAPPROVING
REAFFIRMATION AGREEMENT
[Santander Consumer USA, Inc.]

A hearing for approval of a reaffirmation agreement with Santander Consumer USA, Inc.. (DN 12) was held on Monday, December 21, 2015.   For the reasons stated on the record, the reaffirmation creates an undue hardship and/or is not in debtor's best interest per 11 USC § 524 (c)(6).  Debtor is probably, however, protected by the doctrine of "backdoor ride-through."[1]  It would be prudent for the creditor to first seek court approval before attempting to enforce its collection rights if the debtor is current on his/her obligations to the creditor.   Therefore,

---

[1] The BAP held in In re Dumont, 383 BR 481 (9th Cir BAP 2008), *aff'd* 581 F3d 1104 (9th Cir 2009) that the ride-through doctrine with respect to personal property did not survive the enactment of BAPCPA in 2005, but in that case no reaffirmation agreement had been filed.  Dumont favorably cited In re Moustafi, 371 BR 434 (Bankr D AZ 2007) in which a reaffirmation agreement involving personal property had been filed, but the court disapproved it as not being in the debtor's interest.  In Moustafi, the court allowed "backdoor ride-through" per §524(m), though it did not cite that section specifically (i.e., the creditor could not declare a default post-discharge so long as the payments were current and debtor had sought reaffirmation, but the court denied approval).  The "backdoor ride-through" concept is explained in *Will the Ride-Through Ride Again*, 108 Columbia LR 882 (2008).  The secured creditor in this case would be wise to seek relief from stay or affirmative approval to repossess in order to avoid running afoul of the automatic stay under 11 USC § 362(a) or the discharge injunction under 11 USC § 524(a), should these statutes protect the debtor in a "backdoor ride-through" scenario.  Most courts that have discussed the issue have found "backdoor ride-through" is available. Coastal Federal Credit Union v Hardiman, 398 BR 161. 181-88 (EDNC 2008); In re Schmidt, 397 BR 481, 485-86 (Bankr D MD 2008) [dicta]; In re Chim, 381 BR 191, 198-99 (Bankr D MD 2008); In re Hudain, 364 BR 211, 218-19 (Bankr ED VA 2007); and, In re Blakeley, 363 BR 225, 231 (Bankr D VT 2007).

IT IS ORDERED that the court disapproves the reaffirmation agreement per 11 USC § 524(c)(6) as creating an undue hardship and/or not being in debtor's best interest.

DATED: December 21, 2015.

          /s/ Herb Ross
          HERB ROSS
          U.S. Bankruptcy Judge

Serve:
Giovanna Monique Ross, pro se debtor
Bradley J. Halberstadt, Esq., Stewart Zlimen & Jungers, Ltd.,
    2277 Highway 36 West, Suite 100, Roseville, Minnesota 55113
Nacole Jipping, Trustee
US Trustee
Case Manager